IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIFFANY ADELE KING, as Administratrix of the Estate of Maurice Antonio King, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-383 |
| CHARLES S. BLACKWOOD, in his official capacity as Sheriff of Orange County, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The defendants moved to dismiss, Docs. 33, 35, 37, and the United States Magistrate Judge filed a recommendation in accordance with 28 U.S.C. § 636(b). Doc. 50. After the Clerk served the recommendation on the parties, the defendants filed objections to the recommendation. Doc. 53. The plaintiff did not file objections. Upon consideration, including de novo consideration of those matters to which objection was made, the Court agrees with the Magistrate Judge's analysis and adopts the recommendation in full.

Defendants Hooker, Moore, Cartnail, Spear, and Hawkins say that the allegations against them on the Eighth Amendment failure-to-protect claim and related wrongful death claim are not particularized and treat them as a group. Given the specificity of the factual allegations against them, however, the fact that some of the allegations refer to "the defendants" as a group does not require dismissal. The complaint alleges that each

of these defendants knew Mr. King, the plaintiff's decedent, was a vulnerable inmate, for specific alleged reasons; each knew that there were multiple inmates in Mr. King's pod with a history of violence and of assaulting sex offenders in their cells, which the complaint sets forth in detail, including facts which an on-duty detention officer or supervisor would likely know; and each defendant was a participant to a "tacit agreement" with those inmates to enforce their rules with violence. The plaintiff alleges that each defendant was on duty during the two relevant hours Mr. King was in in cell; each had access to and observed the display monitors in the control room; and on these monitors one would see and these detention officers and supervisors did see conduct by these inmates which was strongly indicative of an assault in Mr. King's cell, which conduct is set forth in detail. Given the specificity of these allegations, it serves little purpose to require a plaintiff to say the same things over and over about each individual officer and supervisor.

This is not a case where a plaintiff has made only conclusory shotgun allegations; the facts alleged are specific and detailed and give rise to a plausible inference that each of these defendants knew what was going on in that cell and chose to do nothing. Whether there will be the necessary facts and evidence to support that inference is a different question, but plaintiffs do not have to prove their case in the complaint. *See, e.g., Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("Iqbal and Twombly do not require a plaintiff to prove his case in the complaint.").

The allegations against defendants Berry, Linster, and Gomez are even more specific, with additional acts of a failure to protect by deliberate indifference. And, as

2

the Magistrate Judge correctly pointed out, if an Eighth Amendment violation based on deliberate indifference is plausibly alleged, then qualified immunity does not apply at the motion to dismiss state.  Doc. 50 at 17, *citing Thorpe v Clarke*, 37 F.4th 926, 934 (4th Cir. 2022); *see also* Doc. 50 at 30-31 (discussing public official immunity).

In their objections, defendants Berry, Linster, and Gomez also say there are insufficient allegations that they deliberately and maliciously failed to provide medical care to the decedent.  They point only to the allegations about what the detention officers did before they finally discovered Mr. King's injuries, ignoring many allegations in the complaint.  The plaintiff alleges that when Mr. Berry finally went into Mr. King's cell, he saw Mr. King "lying down, minimally responsive, soaking wet, with visible swelling and bleeding from his left eye," and blood visible on the cell's walls and floors.  Yet it took 10 minutes to get Mr. Gomez and Mr. Linster to come to the cell.  According to the complaint, these detention officers took over 20 minutes to remove Mr. King from the cell, manhandling him in the process, more minutes to get him to the nurse, and more minutes to call 911.  The plaintiff further alleges that these defendants misrepresented specific facts to the medical examiner.  The plaintiff has plausibly alleged claims for deliberate indifference to a serious medical need and wrongful death.

The Court agrees with the Magistrate Judge's construction of the complaint limiting the claim for deliberate indifference to Mr. King's serious medical needs to defendants Berry, Listner, and Gomez, Doc. 50 at 22 n.3, a construction to which the plaintiff has not objected.

The Sheriff objects that the allegations of a policy or custom are insufficient. But his arguments do not undermine the Magistrate Judge's analysis.

After consideration of the record and *de novo* review as to those matters to which the defendants object, the Court hereby adopts the Magistrate Judge's Recommendation.

It is **ORDERED** that:

1. The motion to dismiss, Doc. 33, as to defendants Sheriff Blackwood, Orange County, and Travelers is **DENIED**;

2. The motions to dismiss as to the individual defendants, Docs. 35, 37, are **GRANTED** in part and **DENIED** in part, as follows:

    a. The Second Claim for relief based on *Monell* claim is **DISMISSED** as to the individual defendants and as a result defendant Sykes is **DISMISSED** from the case;

    b. The motion to dismiss is otherwise **DENIED**.

3. The case is referred to the Magistrate Judge for the initial pretrial conference and entry of a discovery scheduling order.

4. The defendants **SHALL** answer as required by the Federal Rules.

5. The parties **SHALL** serve the initial pretrial disclosures required by Fed.R.Civ.P. 26(a)(1)(A) no later than August 31, 2023.

This the 1st day of August, 2023.

                                                 UNITED STATES DISTRICT JUDGE