IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIFFANY ADELE KING, as Administratrix of the Estate of Maurice Antoine King, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-383 |
| CHARLES S. BLACKWOOD, in his official capacity as Sheriff of Orange County, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER AND JUDGMENT**

In 2020, Maurice King was in federal custody at the Orange County jail. After he pled guilty but before he was sentenced, he was assaulted by other inmates and died. The administratrix of his estate sued several detention officers alleging they violated Mr. King's constitutional rights by their deliberate indifference to the risk of harm to Mr. King and to his need for medical care. She also asserts a *Monell* claim against the County and the Sheriff, a wrongful death claim, and a claim on the Sheriff's bond.

The defendants move for summary judgment. The Magistrate Judge has recommended that the motions be granted as to the § 1983 and state law claims against the individual defendants on immunity grounds, granted as to the *Monell* claim against the County, denied as to the *Monell* claim against the Sheriff, and denied to the extent the plaintiff sought recovery on the Sheriff's bond. All parties object in part. Withholding ruling on one question, the Court otherwise agrees with the Magistrate Judge.

## I. Section 1983 *Monell* Claim

### A. The Sheriff

The Magistrate Judge explained why the evidence is sufficient to defeat the Sheriff's motion for summary judgment on the *Monell* claim and the related motion on the claim directed to the Sheriff's bond. Doc. 124 at 35–45, 50–54. The evidence summarized in the recommendation creates disputed questions of material fact that must be resolved to determine whether Mr. Berry and Mr. Linster violated Mr. King's constitutional rights under the Fourteenth Amendment. *Id.* at 36–40. A jury must decide if their conduct was "objectively unreasonable," that is, if they "failed to act in the face of an unjustifiably high risk of harm" to Mr. King and his need for medical care which was "so obvious that it should [have been] known." *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (cleaned up). The Court agrees with the Magistrate Judge and adopts the recommendation in full on this point.

The summarized evidence is also sufficient to prove that there was a widespread custom and practice of non-supervision at the jail which Sheriff Blackwood knew about but failed to correct and that this custom created an unjustifiably high risk of harm to Mr. King and resulted in his death from the deliberate indifference of Mr. Berry and Mr. Linster. Doc. 124 at 40–45. This evidence is disputed, and trial is necessary. The Court agrees with the Magistrate Judge and adopts the recommendation in full on this point.

The defendants now contend that the Eighth Amendment standard should apply because Mr. King had pled guilty. Doc. 127 at 2–5. They did not make this argument in the summary judgment briefing; indeed, they were silent in the face of the plaintiff's

contention that the Fourteenth Amendment applied.[1]  In the objections, the defendants cite no binding case directly on point, *see id.*, and, as the Magistrate Judge correctly noted, there is plenty of authority for application of the Fourteenth Amendment standard. Doc. 124 at 18.  The Court finds this authority persuasive, and this objection is overruled.

The defendants also contend that the Magistrate Judge "improperly and overly relied on mere violations" of policy.  Doc. 127 at 5–6.  But even a quick glance at the recommendation shows that is not so; there are many other facts that supplement the policy violations.  *See* Doc. 124 at 36–44.  The fact that a failure to follow detention policies standing alone may not amount to a constitutional violation does not mean that such violations are irrelevant.  It will be up to the jury to weigh all of the evidence.

## B.  The County

The Magistrate Judge concluded that Orange County was entitled to summary judgment on the *Monell* claim because there is no evidence that the County's emergency medical care plan, which calls for an assessment by an on-site nurse before calling 911, created an unjustifiably high risk of harm that should have been known.  *Id.* at 46–47. The plaintiff's objections do not undermine the Magistrate Judge's analysis, with which the Court agrees.  The Court adopts the recommendation in full on this point.

---

[1] In the amended complaint, the plaintiff alleged that the defendants violated Mr. King's Eighth Amendment right to be free of cruel and unusual punishment.  Doc. 30 at ¶¶ 202–216. After she filed the amended complaint, the Fourth Circuit decided that Fourteenth Amendment protections applicable to pretrial detainees are different from Eighth Amendment protections. *Short*, 87 F.4th at 608–11.  In the summary judgment briefing, the plaintiff relied on the Fourteenth Amendment standard, Doc. 107 at 51–52, and the defendants did not disagree.  *See* Doc. 124 at 18 (noting "the absence of any contrary argument by Defendants").

## II.    Section 1983 Claim Against Individual Defendants

As noted *supra*, the Fourteenth Amendment applies to the deliberate indifference claims against the individual defendants, and the evidence presents disputed questions of material fact as to the deliberate indifference of Mr. Berry and Mr. Linster.  The defendants' objections on this point are overruled.

As to all the individual defendants, the Magistrate Judge concluded that they were entitled to summary judgment based on qualified immunity.  The plaintiff objects.

Qualified immunity shields government officials from liability unless the official violated a "clearly established statutory or constitutional right[] of which a reasonable person would have known." *King v. Riley*, 76 F.4th 259, 264–65 (4th Cir. 2023) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *accord Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  As the Magistrate Judge stated without objection, in 2020, the defendants would have reasonably believed that the Eighth Amendment applied to their conduct.  Doc. 124 at 19.  So, despite the applicability of the Fourteenth Amendment standard to the merits of the § 1983 claims, qualified immunity is evaluated under the Eighth Amendment standard because that was the law at the time of the events at issue.

An Eighth Amendment violation requires a showing that the defendant subjectively "[knew] of and disregard[ed] an objectively serious condition, medical need, or risk of harm." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013) (cleaned up).[2]

---

[2] Prison officials violate the Eighth Amendment's cruel-and-unusual-punishment clause when they are deliberately indifferent to a substantial risk to an inmate's safety or medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Riley*, 76 F.4th at 264.

As the Magistrate Judge stated without objection, qualified immunity thus turns on whether a reasonable official in the defendants' shoes would have understood that he was violating both the objective and subjective standard. Doc. 124 at 19, 30 n.22 (citing *Mays v. Sprinkle*, 992 F.3d 295, 301–02 (4th Cir. 2021)).

As the Magistrate Judge noted, the plaintiff points to no evidence that Mr. King was at any particular risk of an assault by other inmates or that any defendant knew or should have known of any particularized risk to Mr. King by any other particular inmate or group of inmates. *Id.* at 21–24. To the extent the plaintiff contends that any individual defendant violated Mr. King's constitutional rights by failing to protect him from inmate-on-inmate violence, the Court agrees with the Magistrate Judge that the individual defendants are entitled to summary judgment and adopts the recommendation in full on this point. *See Riley*, 76 F.4th at 266 n.7.

The Court also agrees with the Magistrate Judge that the evidence does not support a deliberate indifference claim as to any individual defendant based on their conduct once the officers went into Mr. King's cell and found him in need of medical care. Doc. 124 at 29–33. These aspects of the Magistrate Judge's recommendation are adopted in full.

However, it is a hard question as to whether qualified immunity applies to Mr. Berry and Mr. Linster based on their actions and inactions from the time defendant Berry first failed to look into Mr. King's cell while performing a security check after the assault through the time defendant Berry entered Mr. King's cell. As discussed *supra* and as summarized by the Magistrate Judge, the evidence is sufficient to show a Fourteenth

5

Amendment violation on this point. *Id.* at 36–40. The Court is still considering whether the evidence is also sufficient to show the subjective reckless disregard required for an Eighth Amendment violation by Mr. Berry and Mr. Linster. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The showing as to the individual defendants other than Mr. Berry and Mr. Linster is not sufficient to raise a disputed question of material fact, and summary judgment is appropriate as to them.

### III. Wrongful Death Claims

The Court agrees with the Magistrate Judge that the individual defendants are entitled to summary judgment on the state law wrongful death claims because of public official immunity, to the extent the claims seek recovery from the individual defendants personally. The defendants here are immune from personal liability unless the plaintiff can show, as is relevant here, that they acted maliciously. *Knibbs v. Momphard*, 30 F.4th 200, 227 (4th Cir. 2022) (summarizing ways a plaintiff can avoid public official immunity under North Carolina law). "[E]lementally, a malicious act is an act (1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Wilcox v. City of Asheville*, 222 N.C. App. 285, 289, 730 S.E.2d 226, 230 (2012).

Here, there is no evidence of actual intent to injure Mr. King. Mere recklessness is not enough. Absent actual intent, the action or inaction must be "so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of willfulness and wantonness equivalent in spirit to an actual intent." *Id.* (cleaned up); *accord R.A. v. Johnson*, 36 F.4th 537, 545–46 (4th Cir. 2022). The

evidence here is insufficient to establish intent. This aspect of the Magistrate Judge's recommendation is adopted in full.

## IV. Claim Against Sheriff's Surety

The Magistrate Judge held that the Sheriff's bond with defendant Travelers Casualty and Surety Company of America is available upon a showing of negligence or reckless indifference by the Sheriff or his deputies. Doc. 124 at 52–54. No party has clearly objected to this specific recommendation; instead, they simply refer to arguments on other issues. Nor have they explained why the bond is not available to cover a damages award for conduct that meets the standard in the bond. This aspect of the Magistrate Judge's recommendation is adopted in full.

It is **ORDERED AND ADJUDGED** that:

1. The recommendation of the Magistrate Judge is adopted except as to certain aspects of the § 1983 claim against defendants Linster and Berry, as to which it remains under advisement.

2. The motion for summary judgment by defendant Orange County, Doc. 88, is **GRANTED**.

3. The motion for summary judgment by defendants Hooker, Moore, Cartnail, Spear, and Hawkins, Doc. 89, is **GRANTED**.

4. The motion for summary judgment by defendants Blackwood, Berry, Linster, Gomez, and Travelers Casualty and Surety Company of America, Doc. 87, is **GRANTED in part, DENIED in part, and under advisement in part**, as follows:

7

a. The motion is **DENIED** as to the *Monell* claim against defendant Blackwood; that claim will proceed to trial.

b. The motion is **DENIED** as to the claim against defendants Blackwood and Travelers on the Sheriff's bond; whether Mr. King was injured by the neglect, misconduct, or misbehavior in office of Blackwood, Linster, and Berry will proceed to trial.

c. The motion is **GRANTED** as to defendant Gomez.

d. The motion is **GRANTED** as to defendants Berry and Linster as to the wrongful death claim and the claim that these defendants violated Mr. King's constitutional rights by:

    i. Failing to protect him from inmate-on-inmate violence, and

    ii. Failing to provide prompt medical care after entering Mr. King's cell.

e. The motion remains under advisement as to the § 1983 claim against defendants Berry and Linster for deliberate indifference to Mr. King's medical needs from the time defendant Berry first failed to look into Mr. King's cell while performing a security check after the assault through the time defendant Berry entered Mr. King's cell.

This the 3rd day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE